**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re BAYCOL PRODUCTS LITIGATION | MDL No. 1431 (MJD) |
| This Document Relates to: | |
| *Earnest Carpenter v. Bayer Corp., et al.* | Case No. 02-0448 |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 25(a)(1), the Court should dismiss Plaintiff Earnest Carpenter from the above-captioned action for failure to file the requisite motion for substitution of parties within the allotted 90-day time period.

On May 24, 2006, Bayer's counsel filed a Suggestion of Death under Rule 25. *See* Suggestion of Death, attached as Exhibit A. The suit was not extinguished upon Mr. Carpenter's death, but after 90 days, no motion had been made to substitute a representative for Mr. Carpenter in this action.

Rule 25(a) of the Federal Rules of Civil Procedure governs the substitution of parties after death, and provides that after the death of a party, "the action does not abate. The death shall be suggested upon the record and the action shall proceed in favor of or against the surviving parties." Fed. R. Civ. P. 25(a)(2). Rule 25(a)(1) requires a "motion for substitution ... [to be] made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death." The rule further provides that if the motion for substitution is not timely made, then the "action

*shall be dismissed* as to the deceased party." *Id.* (emphasis added); *Kaubisch v. Weber*, 408 F.3d 540, 542 (8th Cir. 2005) (affirming district court's dismissal of complaint for failure to timely file motion to substitute parties under Rule 25).

Bayer's counsel filed a Suggestion of Death under Rule 25 for Earnest Carpenter on or about May 24, 2006, triggering the 90-day time limit. *See* Ex. A; Fed. R. Civ. Proc. 25(a)(1). Although the 90-day deadline to move for substitution of parties has come and gone, no motion for substitution of parties has been filed in this case as required under Rule 25. For these reasons, Bayer requests that the Court dismiss this action.

Dated: August 28, 2006

Respectfully submitted,

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60603
(312) 494-4400

/signature on file/
Susan A. Weber
James W. Mizgala
SIDLEY AUSTIN, LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Paul J. Zidlicky
SIDLEY AUSTIN, LLP

1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA. 15219
(412) 566-6000

Peter W. Sipkins (No.101540)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

Douglas R. Marvin
WILLIAMS & CONNOLLY
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

*Counsel for Bayer Corporation*